UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ANGEL RUIZ-RIVERA,

Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

Defendants.

Civil No. 10-1139 (JAF)

**OPINION AND ORDER**

Plaintiff, Angel Ruiz-Rivera, brings this action against the United States and the U.S. Department of Education ("USDE") for violations to his wife's rights under the First and Fifth Amendments of the U.S. Constitution; Title IV of the Higher Education Act of 1965 ("Title IV"), 20 U.S.C. §§ 1070–1099d; unspecified USDE regulations; and the Administrative Procedure Act, 5 U.S.C. § 550, as well as due process violations against Ramírez College.[1] (Docket No. 1.) Plaintiff also alleges supplemental claims of breach of fiduciary duty against Ramírez College and Juan Feliciano Charneco and breach of contract by Mech Tech College and Edwin Colón. Id. The United States, the USDE, Mech Tech College, and Edwin Colón move to dismiss under Federal Rule of Civil Procedure 12(b)(1), for lack of subject-matter jurisdiction, and 12(b)(6), for failure to state a claim upon which relief can be granted. (Docket Nos. 4; 9.) Plaintiff opposes. (Docket

---

[1] "The general rule of corporate law [is] that 'when a corporation is injured, only the corporation, a receiver, or a stockholder suing derivatively in the corporation's name may sue to redress the injury.'" Bishay v. Am. Isuzu Motors, Inc., 404 F.3d 491, 494 (1st Cir. 2005) (citing Imperial Motors, Inc. v. Chrysler Corp., 559 F. Supp. 1312 (D. Mass. 1983)). Because Plaintiff does not allege that he is a duly authorized representative of Ramírez College, this court will not entertain his claims on its behalf.

Civil No. 10-1139 (JAF)                                                                                                        -2-

Nos. 20; 21.)

## I.

## Factual Summary

We derive the following facts from the complaint. (Docket No. 1.) Plaintiff's wife, Meraris Santos Arrieta, was until recently employed as vice president of Ramírez College. The institution had been a recipient of federal funding under "Title IV" for over forty years. The USDE switched the method by which Ramírez College received federal funding from the advanced payment method to the reimbursement payment method. In light of subsequent financial difficulties, Ramírez College was forced to sell the institution to avoid having to close. Mech Tech College acquired the assets and assumed control of Ramírez College. Mech Tech's president, Edwin Colón, allegedly guaranteed to Santos Arrieta that she would not be affected by the takeover. However, she was thereafter discharged from her duties.

## II.

## Standard for Dismissal Under Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss an action for lack of subject-matter jurisdiction. See also United Seniors Ass'n v. Philip Morris USA, 500 F.3d 19, 23 (1st Cir. 2007) (addressing dismissal for lack of standing as a challenge to subject-matter jurisdiction under Rule 12(b)(1)). The court must determine whether Article III jurisdiction exists prior to proceeding to the merits of the case. See id. It is the plaintiff's burden to establish that the court has jurisdiction. See Skwira v. United States, 344 F.3d 64, 71 (2003). When ruling on a motion to dismiss for lack of standing, we must accept as true all factual allegations of the

complaint and construe the complaint in favor of the plaintiff. See Des Vergenes v. Seekonk Water Dist., 601 F.2d 9, 12 (1st Cir. 1979), vacated on other grounds, 454 U.S. 807 (1981).

### III.

### Analysis

**A.    Federal Claims**

Plaintiff alleges that this court has subject-matter jurisdiction over his claims against the United States and the USDE pursuant to 28 U.S.C. § 1331 and various other statutes.[2] (Docket No. 1 at 1.) In order for this court to have subject-matter jurisdiction over the claim, Plaintiff must possess standing to bring the action. See United States v. AVX Corp., 962 F.2d 108, 113 (1st Cir. 1992). The "irreducible constitutional minimum of standing" contains three elements: (1) that the plaintiff suffered an "injury in fact"; (2) that there is a "causal connection between the injury and the conduct complained of"; and (3) that it is "likely that the injury will be redressed by the requested relief." Sutliffe v. Epping Sch. Dist., 584 F.3d 314, 325 (1st Cir. 2009) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)).

Even if it were possible for Plaintiff to bring a claim based on a violation of his wife's constitutional rights regarding her employment, Plaintiff still would lack standing because there is no "causal connection between the injury and the conduct complained of." See Sutliffe, 584

---

[2] While there are problems with the statutory bases of subject-matter jurisdiction as pleaded in the complaint, we need not address them, as we are deciding the case on standing grounds. See Lance v. Coffman, 594 U.S. 437, 439 (2007) (holding that "there is no jurisdictional hierarchy" dictating which jurisdictional issue must be resolved first); Moms Against Mercury v. Food & Drug Admin., 483 F.3d 824, 826 (D.C. Cir. 2007) ("[W]here both standing and subject-matter jurisdiction are at issue, . . . a court may inquire into either and, finding it lacking, dismiss the matter without reaching the other.").

F.3d at 325. Because his wife was fired by Mech Tech, and not by either the United States or the USDE, the causal connection between injury and conduct is broken by a third party's independent action. See Council of Ins. Agents & Brokers v. Juarbe-Jiménez, 433 F.3d 103, 108 (1st Cir. 2006). Thus, Plaintiff's claims against the United States and the USDE must be dismissed for lack of subject-matter jurisdiction.

**B.     Supplemental Claims**

As we are dismissing all of Plaintiff's federal claims, we decline to consider his supplemental claims. See 28 U.S.C. § 1367(c)(3); González-De-Blasini v. Family Dept., 377 F.3d 81, 89 (1st Cir. 2004) (stating that a "district court may decline to exercise supplemental jurisdiction" if "the district court has dismissed all claims under which it has original jurisdiction").

**IV.**

**Conclusion**

For the foregoing reasons, we **GRANT** the movants' motions to dismiss. (Docket Nos. 4; 9.) We **DISMISS** the complaint in its entirety.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 2nd day of August, 2010.

                                                s/José Antonio Fusté
                                                JOSE ANTONIO FUSTE
                                                Chief U.S. District Judge